The CITY OF CORPUS CHRISTI, Texas,
Appellant,

v.

L. C. McCLAUGHERTY, Doing Business as
Hertz Driv-Ur-Self System, Appellee.

No. 12873.

Court of Civil Appeals of Texas.

San Antonio.

June 22, 1955.

I. M. Singer, City Atty., Ellis M. Brown, J. F. Park, Ass't City Attys., Corpus Christi, for appellant.

Charles G. Lyman, Corpus Christi, for appellee.

PER CURIAM.

Appellee on June 13, 1955, filed two motions, one, No. 18168, for leave to file an amended statement of facts, and another, No. 18169, for an extension of time within which to file a brief.

Motion No. 18168, for leave to file a supplemental statement of facts will be overruled.

The record shows that a motion by appellee for an instructed verdict was granted in the trial court on January 28, 1955.

On February 8, 1955, appellant mailed its request for a transcript and sent a copy thereof to appellee. On the same date, appellant designated the portion of the evidence it desired in the statement of facts, and also mailed a copy of this to appellee. Rule 377. On the same date appellant designated its points of appeal, for the purpose of inducing appellee to accept an abbreviated statement of facts, and on the same day sent a copy of this to appellee. The court reporter filed with the district clerk a transcript of the designated evidence on February 18, 1955. On March 15, 1955, the statement of facts was approved by the trial judge and again filed in the District Court on March 16, 1955. The record was received and filed in this Court on March 17, 1955.

Appellant filed its brief herein on April 13, 1955. Appellant joined appellee in requesting a thirty-day extension of time within which to file appellee's brief, which the attorney for appellant says he would not have done if there had been any intimation that an attempt would later be made to amend the statement of facts. The first intimation that appellee was dissatisfied with the abbreviated statement of facts is his motion filed herein on June 13, 1955, seeking leave to file a supplemental statement of facts. The motion shows no reason why appellee did not request a supplemental statement of facts at the proper time.

It is now apparent that if a supplemental statement of facts is to be filed, appellant might be required to rewrite its brief to fit the new record.

We are of the opinion that appellee's request for leave to supplement the statement

of facts comes too late and is therefore overruled.

Appellee's motion No. 18169, for a second extension of time, is granted and the time is extended to July 15, 1955.